IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CESAR BENITO RUIZ CASTILLO,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN OF MCCOOK DETENTION CENTER, TODD W. BLANCHE, U.S. Attorney General; MARKWAYNE MULLIN, Secretary of Homeland Security; and DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director of U.S. Immigration & Customs Enforcement;<br><br>Respondents. | **8:26CV563**<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Cesar Benito Ruiz Castillo's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully detained. For the reasons set forth herein, the Court orders Respondents to further respond to the petition.

## I. BACKGROUND

Petitioner is a native and citizen of Cuba. Filing No. 8 at 3. He entered the United States without inspection on March 14, 2022. Filing No. 8-2 at 1. On March 17, 2022, Petitioner was arrested and issued a notice to appear in immigration court for removal proceedings but not given a specific date or time to appear. Filing No. 8-1 at 2. That same date, Petitioner was released on an order of recognizance. Filing No. 8-2 at 1. The order stated Petitioner was required to attend all immigration court hearings and was to report to ICE for a check in on May 17, 2022. Filing No. 8-2 at 1. On April 11, 2022, Respondents mailed Petitioner a second notice to appear that contained a court date of May 22, 2022. Filing No. 8-3 at 1.

The deportation officer assigned to Petitioner's case filed a declaration stating, "On May 5, 2023, Petitioner failed to report as instructed." Filing No. 8 at 3. However, the record contains no evidence that Petitioner had a hearing or other reporting obligation scheduled for May 5, 2023.

On February 25, 2023, Petitioner was convicted of first-offense DUI and received probation and a fine. Filing No. 8 at 3. On August 29, 2026, Petitioner was arrested in Gage County, Nebraska, for second-degree domestic assault, terroristic threats, and child abuse. Filing No. 8 at 4. On September 1, 2026, Petitioner was released to ICE custody and ICE issued a warrant pursuant to 8 U.S.C. § 1225(b)(2)(A). Filing No. 8 at 4. The record does not reflect whether Respondents revoked Petitioner's release nor what the status of the 2026 criminal case is.

Petitioner seeks his immediate release or a bond hearing. Filing No. 1 at 7.

## II. ANALYSIS

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A), pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In *Avila*, the Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A). Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country. Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect. *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328, at *2 (D. Neb. Jan. 8, 2026). Numerous district courts

across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, Sixth Circuit Court of Appeals, Ninth Circuit Court of Appeals, and Seventh Circuit Court of Appeals. have agreed. *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *1 (7th Cir. July 30, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed. The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But Petitioner's situation is distinct from that set forth in *Avila*. When Petitioner was detained and released on his own recognizance, the government necessarily invoked 8 U.S.C. § 1226. Now, Respondents claim Petitioner is actually detained under 8 U.S.C. § 1225(b)(2)(A) rather than § 1226. But, "courts may not accept . . . *post hoc* rationalizations for agency action," and "an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983). "Put simply, the Government is not allowed to change horses midstream. It is stuck with the horse on which it rode into court," which, here, is 8 U.S.C. § 1226. *Souleimane C. v. Blanche*, No. 26-CV-2215 (LMP/JFD), 2026 WL 1180075, at *3 (D. Minn. Apr. 30, 2026); *accord Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-CV-131, 2026 WL 926725, at *1 (D. Neb. Apr. 6, 2026) ("If the government was going to detain the petitioner for removal proceedings, [his apprehension

at the border] was the time. Instead, the government decided to release him on conditional parole—and when it did so, the petitioner's detention and removal were subject to the statutory scheme in § 1226."). Noncitizens detained under 8 U.S.C. § 1226(a) are entitled to a bond hearing. *See* *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). Here, the government made such a determination and released Petitioner on his own recognizance. Respondents may not now claim Petitioner is detained under a different statute, 8 U.S.C. § 1225(b)(2)(A).

However, under the statute Petitioner was originally detained, 8 U.S.C. § 1225(b)(2)(A), Respondents had the authority to revoke his release, whether for his purported failure to comply with his ICE check-in or his criminal conviction/arrests. Section 1226(a) states that when an alien is arrested on a warrant, the Attorney General may continue to detain the alien or may release him or her on conditional parole or a bond of at least $1,500. 8 U.S.C. § 1226(a). Subsection (b), in turn, provides, "The Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." 8 U.S.C. § 1226(b).

Respondents had the authority to revoke Petitioner's release and re-detain him. However, they have failed to present evidence that they followed this course of action. Instead, they argue he was arrested under a new warrant under § 1225(b)(2)(A), which is improper as explained above. If Respondents can produce evidence that they have exercised their authority under § 1226(b) to revoke Petitioner's release and rearrest him, the Court will be required to deny Petitioner's petition for writ of habeas corpus.

Accordingly,

IT IS ORDERED:

1. On or before **October 15, 2026**, Respondents shall file a supplemental brief and index, if appropriate, addressing whether they have exercised their authority to revoke Petitioner's release at the time of his detention or thereafter in order to rearrest him.

Dated this 6th day of October, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge