IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CESAR BENITO RUIZ CASTILLO,

Petitioner,

vs.

WARDEN OF MCCOOK DETENTION CENTER, TODD W. BLANCHE, U.S. Attorney General; MARKWAYNE MULLIN, Secretary of Homeland Security; and DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director of U.S. Immigration & Customs Enforcement;

Respondents.

**8:26CV563**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Cesar Benito Ruiz Castillo's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully detained. For the reasons set forth herein, the Court denies the petition.

## I. BACKGROUND

In its prior Memorandum and Order, Filing No. 10, the Court explained that Petitioner, a native and citizen of Cuba who entered without inspection, had previously been released on his own recognizance pending immigration proceedings. He has been convicted of driving under the influence and has pending charges for domestic assault, terroristic threats, and child abuse.

The Court ordered Respondents to file a supplement regarding the current status of the order releasing Petitioner on his own recognizance. Filing No. 10. Respondents have filed their supplement and an index indicating that on October 8, 2026, they revoked

the Petitioner's prior order for release on recognizance due to his criminal arrests and failure to report to ICE. Filing No. 14; Filing No. 14-2.

## II. STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

As explained in the Court's prior order, Respondents' preferred argument is that that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A), pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). But Petitioner's situation is distinct from that set forth in *Avila*. When Petitioner was detained and released on his own recognizance, the government necessarily invoked 8 U.S.C. § 1226. Accordingly, the Court must assess whether his detention is lawful under that statute.

Section 1226(a) states that when an alien is arrested on a warrant, the Attorney General may continue to detain the alien or may release him or her on conditional parole or a bond of at least $1,500. 8 U.S.C. § 1226(a). Subsection (b), in turn, provides, "The Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." 8 U.S.C. § 1226(b). Respondents have chosen to exercise their authority under § 1226(b) to revoke Petitioner's release. Accordingly, Petitioner is not entitled to be released.

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is denied.

2. The Court will enter a separate judgment.

Dated this 16th day of October, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge